FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2016 DEC 20 PM 11:54

CASE NO.

3:16cv1559-J-25 MCR

BRAIAN ADLER,

Plaintiff,

v.

RESURGENT CAPITAL SERVICES, L.P.
and LVNV FUNDING, LLC,

Defendants.
_____/

## COMPLAINT

Plaintiff Braian Adler ("Plaintiff") files this Complaint against Defendants Resurgent Capital Services, L.P. ("RCS"), a foreign limited partnership, and LVNV Funding, LLC ("LVNV"), a foreign limited liability company, and as grounds therefore, and alleges as follows:

### NATURE OF ACTION

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") against RCS and against LVNV.

2. Plaintiff also alleges violations of the Florida Consumer Collection Practices Act ("FCCPA") against RCS and against LVNV.

### JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. § 1331, 15 U.S.C. § 1692k and pursuant to 28 U.S.C. §1367 for pendent state law claims. Venue in this jurisdiction is proper because RCS and LVNV falsely attempted to collect a debt in this jurisdiction when they had no legal right to do so.

4. At all times material hereto, RCS, in the District in which this Complaint is filed:

committed one or more of the acts stated in Florida Statute Sections 48.081, 48.181, or 48.193.

5.     At all times material hereto, LVNV, in the District in which this Complaint is filed: committed one or more of the acts stated in Florida Statute Sections 48.081, 48.181, or 48.193.

## PARTIES

6.     Plaintiff Braian Adler is a natural person and citizen of the State of Florida, residing in Flagler County, Florida.

7.     Defendant RCS is a foreign limited partnership with a principal place of business located at 55 Beattie Place, Suite 300, Mail Stop 425, Greenville, South Carolina, 29601, and is a debt collector, as defined by the FDCPA, who regularly services and collects consumer debts within the State of Florida, and in this District.

8.     Defendant LVNV is a foreign limited partnership with a principal place of business located at 625 Pilot Road, Suite 3, Las Vegas, Nevada 89119, and is a debt collector, as defined by the FDCPA, who regularly services and collects consumer debts within the State of Florida, and in this District.

## FACTUAL ALLEGATIONS

9.     Plaintiff owed a debt to original creditor General Electric Capital Corporation in the amount of $875.48 (the "Debt.")

10.    General Electric Capital Corporation sold the Debt to Defendant LVNV. Defendant LVNV is a "debt collector" as defined by 15 USC §1692a(6) and a "consumer collection agency" as defined by Fla. Stat. §559.55(3).

11.    Defendant LVNV then hired Defendant RCS to collect the Debt from Plaintiff. To that end, RCS transmitted correspondence dated January 26, 2016 to Plaintiff offering to settle the debt in full for a lump-sum payment of $262.64. *See* correspondence from RCS dated January 26,

2016 attached as Exhibit "A."

12. Plaintiff accepted RCS's offer.

13. On February 2, 2016, the undersigned counsel, on behalf of Plaintiff, paid $262.64 as full and final settlement of Plaintiff's Debt. *See* proof of payment attached as Exhibit "B."

14. As a result of Plaintiff's acceptance of RCS's settlement offer, Plaintiff's acceptance of all terms and conditions of the offer, and RCS's acceptance of Plaintiff's payment, the Debt was therefore settled.

15. Subsequently, LVNV and/or RCS Debt sold, consigned, or otherwise transferred the Debt to Global Credit & Collection Corporation.

16. On or about February 12, 2016, Global Credit & Collection Corporation, on behalf of LVNV, mailed Plaintiff a letter at his personal residence attempting to collect the very same Debt, where Global Credit & Collection Corporation stated:

\*\*\*

> Your delinquent General Electric Capital Corporation account has been placed with our company for collections. We have been authorized to collect the outstanding amount owed.
>
> ...
>
> This letter is an attempt to collect a debt by a debt collector. Any information obtained will be used for that purpose. This communication is from a debt collector.

*See* correspondence dated February 12, 2016 attached as Exhibit "C."

17. According to the letter sent by Global Credit & Collection Corporation, Plaintiff's current balance is $612.84, which is the original balance of the Debt less the amount paid and agreed upon to settle Plaintiff's Debt.

18. LVNV and RCS's transfer of the Debt to Global Credit & Collection Corporation

for the purpose of collection is an attempt to collect on the Debt, which was previously settled, and is a clear violation of the Fair Debt Collection Practices Act.

## COUNT I – VIOLATION OF THE FDCPA – FALSE OR MISLEADING REPRESENTATION
### (Defendant LVNV)

19. Plaintiff repeats the allegations set forth in paragraphs 1 through 18 above as if fully restated herein.

20. Defendant LVNV's actions constitute a false or misleading communication in violation of 15 U.S.C. § 1692e(2) in that Defendant LVNV asserted that the Plaintiff was obligated to pay $612.84, despite the fact that the Debt had been paid as of February 2, 2016.

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of the Plaintiff and against Defendant LVNV for damages, attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3), litigation expenses and costs of suit, and such other relief or further relief as the Court deems proper.

## COUNT II – VIOLATION OF FCCPA
### (Defendant LVNV)

21. Plaintiff repeats the allegations set forth in paragraphs 1 through 18 above as if fully restated herein.

22. This is an action for damages in violation of the FCCPA. Fla. Stat. §§ 559.55-559.785.

23. Defendant LVNV's actions constitute a claim, attempt, and threat to enforce a debt when Defendant LVNV knew that the Debt was not legitimate as the Debt had already been settled. *See* Fla. Stat. § 559.72(9).

24. As a direct and proximate result of Defendant LVNV's actions, Plaintiff has sustained damages as defined by Fla Stat.§559.77.

25. Plaintiff has retained the undersigned counsel for the purposes of pursuing this matter against Defendant LVNV and is obligated to pay said counsel a reasonable fee for their services. The FCCPA provides for an award of attorney's fees should Plaintiff prevail in this matter. *See* Fla. Stat. § 559.77(2).

**WHEREFORE,** Plaintiff requests that the Court enter judgment in favor of the Plaintiff and against Defendant LVNV for damages, attorney's fees, litigation expenses and costs of suit, and such other relief or further relief as the Court deems proper.

### COUNT III– VIOLATION OF THE FDCPA – FALSE OR MISLEADING REPRESENTATION
### (Defendant RCS)

26. Plaintiff repeats the allegations set forth in paragraphs 1 through 18 above as if fully restated herein.

27. Defendant RCS's actions or omissions constitute a false or misleading communication in violation of 15 U.S.C. § 1692e(2) in that Defendant RCS asserted that the Plaintiff was obligated to pay $612.84, despite the fact that the Debt had been settled as of February 2, 2016.

28. Defendant RCS's actions or omissions constitute a false or misleading communication in violation of 15 U.S.C. § 1692e(2) in that Defendant RCS did not report to Defendant LVNV that Plaintiff's debt had been fully and completely settled, despite the fact that the Debt had been settled as of February 2, 2016.

**WHEREFORE,** Plaintiff requests that the Court enter judgment in favor of the Plaintiff and against Defendant RCS for damages, attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3), litigation expenses and costs of suit, and such other relief or further relief as the Court deems proper.

## COUNT IV – VIOLATION OF FCCPA
### (Defendant RCS)

29. Plaintiff repeats the allegations set forth in paragraphs 1 through 18 above as if fully restated herein.

30. This is an action for damages in violation of the FCCPA. Fla. Stat. §§ 559.55-559.785.

31. Defendant RCS's actions or omissions constitute a claim, attempt, and threat to enforce a debt when Defendant RCS knew that the Debt was not legitimate as the Debt had already been settled. *See* Fla. Stat. § 559.72(9).

32. As a direct and proximate result of Defendant RCS's actions, Plaintiff has sustained damages as defined by , Fla Stat., §559.77.

33. Plaintiff has retained the undersigned counsel for the purposes of pursuing this matter against Defendant RCS and is obligated to pay said counsel a reasonable fee for their services. The FCCPA provides for an award of attorney's fees should Plaintiff prevail in this matter. *See* Fla. Stat. § 559.77(2).

**WHEREFORE,** Plaintiff requests that the Court enter judgment in favor of the Plaintiff and against Defendant RCS for damages, attorney's fees, litigation expenses and costs of suit, and such other relief or further relief as the Court deems proper.

## REQUEST FOR JURY TRIAL

Plaintiff hereby requests a trial by jury of all issues so triable as a matter of right.

Dated: December 9, 2016.

> Respectfully Submitted,
>
> **WITES & KAPETAN, P.A.**
> Attorneys for Plaintiff
> 4400 North Federal Highway
> Lighthouse Point, FL  33064
> 954-570-8989/954-354-0205 (fax)
>
> By: */s/ Thomas B. Rogers*
>       THOMAS B. ROGERS
>       Fla. Bar No. 054680
>       trogers@wklawyers.com